**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000386
30-MAY-2012
08:54 AM**

CAAP-11-0000386

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


THE BANK OF NEW YORK MELLON, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE LOAN
TRUST 2005-37T1, MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2005-37T1, Plaintiff-Appellee,
v.
HERBERT ALBERT WATSON AND BERNADETTE WATSON,
Defendants-Appellants,

JOHN DOES 1-50 AND JANE DOES 1-50,
Defendants-Appellees.


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(DC-CIVIL NO. 10-1-2195)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Fujise and Leonard, JJ.)


Defendants-Appellants Herbert Albert Watson (Herbert) and Bernadette Watson (Bernadette) (collectively, the Watsons) appeal from the "Order Denying Herbert Albert Watson's and Bernadette Watson's First Amended Motion for Reconsideration of Summary Judgment and Writ of Possession Filed on October 6, 2010" (Order Denying Motion for Reconsideration), which was filed in

the District Court of the Second Circuit (District Court)[1] on April 7, 2011. We affirm.[2]

I.

On June 16, 2010, Plaintiff-Appellee The Bank of New York Mellon, as Trustee for the Cerficateholders CWALT, Inc. Alternative Loan Trust 2005-37T1, Mortgage Pass-Through Certificates, Series 2005-37TI (The Bank of New York Mellon) filed a "Verified Complaint for Ejectment" against the Watsons. The Bank of New York Mellon alleged that it was the fee simple owner of the subject property pursuant to a non-judicial foreclosure sale held on February 19, 2010, and the subsequent filing on April 13, 2010, of a Quitclaim Deed in the Office of the Assistant Registrar of the State of Hawai'i, which named The Bank of New York Mellon as the "Grantee." The complaint alleged that the Watsons were wrongfully occupying the property and prayed for the entry of a Judgment for Possession and Writ of Possession in favor of The Bank of New York Mellon.

The Watsons were served with the complaint on June 21, 2010. At the return hearing held on July 12, 2010, Herbert appeared and entered a general denial, but Bernadette did not appear and the District Court entered default against her. At the return hearing, the District Court ordered Herbert to file a written motion with an attached affidavit setting forth the source of his title to the subject property and to serve the motion upon The Bank of New York Mellon by July 16, 2010. The District Court set a hearing date of July 26, 2010, for the motion.

---

[1] The Honorable Blaine J. Kobayashi presided over the proceedings relevant to this appeal.

[2] In its answering brief, The Bank of New York Mellon argues that the Watsons' opening brief should be stricken for failure to comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28 (2010). We deny The Bank of New York Mellon's request to strike the Watsons' opening brief. We note that on March 21, 2012, this court issued an Order to Show Cause to the Watsons' counsel regarding counsel's failure to comply with HRAP Rules 28 and 32. We will address the issue of the noncompliance of the Watsons' brief with the HRAP in connection with the Order to Show Cause.

Herbert did not file a motion or affidavit setting forth his source of title to the subject property as directed by the District Court, and the Watsons did not appear at the hearing held by the District Court on July 26, 2010. On August 17, 2010, The Bank of New York Mellon filed a "Motion for Summary Judgment for Ejectment and Writ of Possession" (Motion for Summary Judgment). On September 10, 2010, the District Court held a hearing on The Bank of New York Mellon's Motion for Summary Judgment. Counsel for The Bank of New York Mellon appeared at the hearing, but the Watsons did not. The District Court orally granted The Bank of New York Mellon's Motion for Summary Judgment. On September 15, 2010, the District Court issued a Judgment for Possession and Writ of Possession in favor of The Bank of New York Mellon. On September 27, 2010, the District Court filed its written order granting The Bank of New York Mellon's Motion for Summary Judgment.

On September 30, 2010, the Watsons, through counsel, filed and served their "First Amended Motion for Reconsideration of Summary Judgment and Writ of Possession" (Motion for Reconsideration),[3] pursuant to District Court Rules of Civil Procedure (DCRCP) Rule 59 (1996).[4] After a hearing held on March 18, 2011, the District Court denied the Watsons' Motion for Reconsideration. The District Court filed its written Order Denying Motion for Reconsideration on April 7, 2011, and this appeal followed.

## II.

On appeal, the Watsons contend that the District Court erred in issuing the Judgment for Possession and Writ of

---

[3] Although this pleading was entitled "First Amended Motion," the record does not reflect a previous filing of a motion for reconsideration by the Watsons.

[4] The Watsons' Motion for Reconsideration actually referred to Rule 59 of the Hawai'i Rules of Civil Procedure (HRCP). However, because this was a district court proceeding, the applicable rule was DCRCP Rule 59, and we will treat the Watsons' reference to HRCP Rule 59 as a reference to DCRCP Rule 59.

Possession and in denying the Watsons' Motion for Reconsideration. The Watsons assert numerous arguments challenging the non-judicial foreclosure sale and the District Court's grant of The Bank of New York Mellon's Motion for Summary Judgment.

At the outset, we address the question of whether we have jurisdiction over the Watsons' appeal. In order to appeal from the Judgment for Possession, the Watsons were required to file a notice of appeal within 30 days after the entry of the Judgment for Possession. Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(1) (2009). A timely motion to reconsider, alter, or amend the judgment under DCRCP Rule 59 would extend the deadline for filing the notice of appeal until thirty days after entry of the order disposing of the motion; "provided, that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion." HRAP Rule 4(a)(3) (2009).

Here, the Watsons' Motion for Reconsideration was untimely as a DCRCP Rule 59 motion because it was served more than 10 days after the Judgment for Possession was entered. See DCRCP Rule 59. Moreover, even if the Motion for Reconsideration had been timely under DCRCP Rule 59, it would have been deemed denied on December 29, 2010, 90 days after it was filed. See HRAP Rule 4(a)(3). The Watsons did not file their notice of appeal until May 9, 2011. Therefore, the Watsons' appeal from the Judgment for Possession was untimely[5] and their appeal from the denial of the Motion for Reconsideration was also untimely, if that motion is construed as a DCRCP Rule 59 motion. We lack appellate jurisdiction over appeals that are not timely filed.

_____

[5] We note that the District Court reissued a Judgment for Possession on April 21, 2011. However, the reissued Judgment for Possession did not amend the originally issued Judgment for Possession in any material or substantial respect and thus did not extend the time for filing a notice of appeal. See Poe v. Hawai'i Labor Relations Board, 98 Hawai'i 416, 418-19, 49 P.3d 382, 384-85 (2002).

4

However, the Watsons' appeal from the Order Denying Motion for Reconsideration would be a timely appeal of a post-judgment order, if their Motion for Reconsideration were construed as a motion seeking relief under DCRCP Rule 60(b) (2006). Assuming arguendo that we are able to regard the Watsons' Motion for Reconsideration as raising claims under DCRCP Rule 60(b)(1), (2), and (6), we conclude that the Watson's appeal is without merit. We review the trial court's denial of such claims for abuse of discretion. Beneficial Hawai'i, Inc. v. Casey, 98 Hawai'i 159, 164, 45 P.3d 359, 364 (2002).

In support of its Motion for Summary Judgment, The Bank of New York Mellon presented evidence establishing that it had obtained title to the subject property through a non-judicial foreclosure. This included authenticated copies of a "Mortgagee's Affidavit of Foreclosure Under Power of Sale" and a "Mortgagee's Quitclaim Deed" that were filed in the Land Court of the State of Hawai'i. The Watsons did not file any opposition to the Motion for Summary Judgment. Based on the evidence and arguments presented in support of the Motion for Summary Judgment, the District Court properly granted summary judgment in favor of The Bank of New York Mellon and ordered the issuance of a Judgment for Possession and Writ of Possession. See DCRCP Rule 56(c), (e) (1997).

With respect to their Motion for Reconsideration, the Watsons did not establish that they were entitled to any relief on their request to set aside the Judgment for Possession and the order granting The Bank of New York Mellon's Motion for Summary Judgment. The Watsons did not demonstrate their entitlement to relief based on: (1) mistake or excusable neglect; (2) newly discovered evidence; or (3) any other valid reason. See DCRCP Rule 60(b)(1), (2), and (6). In addition,

> "the purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion." Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding.

5

Sousaris v. Miller, 92 Hawai'i 505, 513, 993 P.2d 539, 547 (2000) (brackets, footnote, and citations omitted).

In their Motion for Reconsideration, the Watsons did not present new evidence or arguments that could not have been presented during the adjudication of The Bank of New York Mellon's Motion for Summary Judgment. We conclude that the District Court did not abuse its discretion in denying the Watsons' Motion for Reconsideration. See Beneficial Hawai'i, 98 Hawai'i at 164, 45 P.3d at 364; Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114-15, 839 P.2d 10, 27 (1992); Standard Management, Inc. v. Kekona, 98 Hawai'i 95, 98-101, 43 P.3d 232, 235-38 (App. 2001).

III.

We affirm the District Court's Order Denying Motion for Reconsideration.

DATED: Honolulu, Hawai'i, May 30, 2012.

On the briefs:

Robin R. Horner
(RRH & Associates
Attorneys at Law LLLC)
for Defendants-Appellants

Charles R. Prather
Sofia M. Hirosane
for Plaintiff-Appellee

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge